# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-836V
Filed: May 23, 2017
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
SUE A. LITTLE,                        *
                                      *
              Petitioner,              *
       v.                             *
                                      *    Attorneys' Fees and Costs;
SECRETARY OF HEALTH                   *    Special Processing Unit ("SPU")
AND HUMAN SERVICES,                   *
                                      *
              Respondent.              *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Mari Bush, Kaye & Bush, LLC, Denver, CO, for petitioner.*
*Jennifer Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On July 14, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of an October 29, 2014 influenza vaccination. On December 9, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 16).

On April 3, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 20). Petitioner requests attorneys' fees in the amount of $11,160.00, and petitioner's

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

out-of-pocket costs in the amount of $874.34 for a total amount of $12,034.34.  *Id.* at 3.  In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred $874.34 in out-of-pocket expenses.  (ECF No. 20-15.)

On April 4, 2017, respondent filed a response to petitioner's motion.  (ECF No. 21).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Petitioner "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours.  However, the undersigned reduces the award to reflect rate reductions for paralegal rates that are consistent with the Court's hourly rate fee schedule. [3]

Petitioner provided billing records reflecting 12.8 hours of paralegal time billed at a rate of $175 per hour, amounting to billing of $2,240.  (ECF No. 20 at 3.)  Reducing the hourly rate to $145 for these hours reduces the total amount to $1,856, a reduction of $384.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $11,650.34[4] as follows:**

- **A lump sum of $10,776.00, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel,  Mari C. Bush; and**

- **A lump sum of $874.34, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

---

[3] See http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf
[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.